## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTYNA WADE,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No. 1:26-cv-00941-RP-SH |
| CHURCH OF SCIENTOLOGY,<br>ILLUMINATA GROUP, and APD,<br>　　　　*Defendants* | §<br>§<br>§<br>§ | |

### ORDER

Now before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis*, filed April 15, 2026 (Dkt. 2), and Amended Complaint, filed April 22, 2026 (Dkt. 4).[1]

Plaintiff Justyna Wade attempts to bring this suit against Defendants Church of Scientology, Illuminata Group, and "APD." Dkt. 4 at 2. She seeks leave to *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

### I.    Motion to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees or security. Section 1915 "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, courts should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

Wade alleges in her Application to Proceed in District Court Without Prepaying Fees or Costs that she is homeless and has no money or source of income. Dkt. 2. Based on her allegations, the

---

[1] The District Court referred the motion to proceed *in forma pauperis* to this Magistrate Judge for disposition of the application and a recommendation whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e) pursuant to the District Court's Docket Management Order. Dkt. 3.

1

Court finds that Wade cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Wade *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court may impose costs of court against Wade at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). Service on the Defendants is withheld at this time.

## II.    Frivolousness Review Under § 1915(e)(2)

Because Wade has been granted leave to proceed *in forma pauperis*, the Court is required to review her complaint under 28 U.S.C. § 1915(e)(2).

## A.  Legal Standards

To prevent abusive litigation, § 1915(e)(2) authorizes federal courts to dismiss a claim filed *in forma pauperis* if "(A) the allegation of poverty is untrue," or (B) the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissals under § 1915 "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the complaint alleges the violation of a legal interest that does not exist. *Id.* at 327. A complaint is frivolous "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Nietzke*, 490 U.S. at 325-28). A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to state a claim to relief

2

that is plausible on its face. *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts liberally construe the pleadings of litigants who, like Wade, proceed *pro se* and apply less stringent standards to them than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). But *pro se* parties must comply with the Federal Rules of Civil Procedure and the Local Court Rules. *Doe v. Gipson*, No. 1:23-CV-463-RP, 2025 WL 2947770, at *4 (W.D. Tex. Jan. 31, 2025). A plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A court must dismiss a complaint *sua sponte* if it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction) and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties (diversity of citizenship jurisdiction). 28 U.S.C. §§ 1331, 1332. Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). It is presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## B. Plaintiff's Allegations

Wade's handwritten Amended Complaint is barely legible and violates the Federal Rules of Civil Procedure 8(a), 8(d), and 10, Local Rule CV-10,[2] and the *Pro Se* Manual.[3] She checks the box for diversity of citizenship jurisdiction but does not identify her citizenship, Defendants' citizenship, or the amount in controversy. Dkt. 4 at 3-4. "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity. That means all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW*, 83 F.4th at 407. Wade does not show that the Court has diversity jurisdiction over this matter.

Wade also may be attempting to invoke this Court's federal question jurisdiction by her reference to "torture" and citation to 18 U.S.C. § 2340A. Dkt. 4 at 4. Section 2340A is a federal criminal statute that imposes criminal liability on individuals who commit acts of torture outside the United States; it does not create a private right of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Renkel v. United States*, 456 F.3d 640, 644-45 (6th Cir. 2006) (stating that § 2340A "criminalize[s] torture outside the United States" and "do[es] not provide civil redress for torture within the United States"); *Sylvester v. Nilsson*, No. CV H-23-4085, 2024 WL 1144259, at *6 (S.D. Tex. Mar. 15, 2024) (dismissing § 2340A claim because the statute does not provide for a private right of action).

---

[2] https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/

[3] The *Pro Se* Manual is available on the Court's website. https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/.

4

To determine whether the Court has subject matter jurisdiction and Wade has asserted a plausible claim for relief, the Court **ORDERS** her to file a clear and legible More Definite Statement **by May 29, 2026** containing this information:

(1) State the basis for the Court's jurisdiction and how this Court has jurisdiction;

(2) Separately list each claim you assert and who you assert each claim against;

(3) Identify each defendant you are suing and how each defendant violated your rights;

(4) Explain what relief you are seeking; and

(5) Identify any other lawsuits you have filed.

**Failure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed for failure to prosecute and failure to comply with a court order.**

**SIGNED** on May 14, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5